[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 15, 2009
THOMAS K. KAHN
CLERK

No. 09-11333
Non-Argument Calendar

_____

Agency No. A075-346-169

EDUARDO HERNAN DEL MAZO,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(October 15, 2009)

Before BIRCH, CARNES and HULL, Circuit Judges.

PER CURIAM:

Eduardo Hernan Del Mazo, a native and citizen of Peru, seeks review of the

Board of Immigration Appeals' decision affirming the Immigration Judge's order of removal and denial of his application for asylum, withholding of removal, and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment, 8 U.S.C. §§ 1158, 1231; 8 C.F.R. § 208.16. Del Mazo contends the BIA erred by finding that he failed to show past persecution on account of a statutorily protected ground. He maintains that Shining Path guerrillas attacked and threatened him because of his political opinions. He also contends that he has a well-founded fear of future persecution because Shining Path remains active in Peru.

I.

Any alien who is physically present in the United States may apply for asylum. Mejia v. U.S. Att'y Gen., 498 F.3d 1253, 1256 (11th Cir. 2007). To qualify for asylum, the alien must show that he is unable to return to his home country because of "persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." Immigration and Nationality Act § 101(a)(42)(A), 8 U.S.C. § 1101(a)(42)(A). The alien bears the burden to demonstrate "(1) past persecution on account of a statutorily protected ground or (2) a well-founded fear of future persecution on account of a protected ground." Mejia, 498 F.3d at 1256.

We review only the BIA's decision, except to the extent that it expressly adopts the IJ's opinion. Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). Because the BIA neither adopted nor rejected the IJ's adverse credibility determination, we do not address Del Mazo's arguments on that point. The BIA dismissed the appeal on the alternate ground that even if Del Mazo testified credibly, he failed to establish he was persecuted because of his political opinions. Instead, the BIA found, Shining Path targeted Del Mazo mainly in order to extort money from him and to force his then-girlfriend to divulge security information about the bank at which she worked.

Our review is limited to whether the BIA's finding was "supported by reasonable, substantial, and probative evidence on the record considered as a whole." Rodriguez Morales v. U.S. Att'y Gen., 488 F.3d 884, 890 (11th Cir. 2007) (quotation marks omitted). "To reverse the [BIA's] fact findings, [we] must find that the record not only supports reversal, but compels it." Id. In this case, in order to reverse the BIA's finding that Del Mazo failed to demonstrate persecution based on a protected ground, we must be compelled to find that he was or will be persecuted "because of" his political opinion. Rodriguez Morales, 488 F.3d at 890 (emphasis in original). "[I]t is not enough to show that [the alien] was or will be persecuted or tortured due to [the alien's] refusal to cooperate with the guerrillas."

Id. Specifically, persecution on account of an alien's refusal to pay a "war tax" does not itself establish the required nexus between the guerrillas' acts and the victim's political beliefs. Rivera v. U.S. Att'y Gen., 487 F.3d 815, 822–23 (11th Cir. 2007). "Although other inferences about the guerillas' motives may be drawn, it is not our task to do so as long as substantial evidence supports the [BIA's] conclusion." Id. at 823. "[E]ven if the evidence could support multiple conclusions, we must affirm the agency's decision." Id.

Here, there is substantial evidence that although Del Mazo had previously been politically active, his problems with Shining Path began only after he became involved with his then-girlfriend. That supports the BIA's conclusion that Del Mazo was targeted not because of his own political beliefs, but instead because of his girlfriend's position at the bank.

## II.

Because Del Mazo has failed to establish past persecution within the meaning of the INA, he does not receive a presumption in favor of his claim regarding future persecution. See Mejia, 498 F.3d at 1257. To show that he has a well-founded fear of persecution, Del Mazo must demonstrate "a reasonable possibility of suffering such persecution if [he] were to return to [Peru]." Id. at 1256 (emphasis omitted). The fear of future persecution must be both

4

"subjectively genuine and objectively reasonable." Ruiz v. U.S. Att'y Gen., 440 F.3d 1247, 1257 (11th Cir. 2006). A well-founded fear of persecution can be established by "specific, detailed facts showing a good reason to fear that [the alien] will be singled out for persecution" on account of a protected ground. Id. at 1258. Alternatively, an alien may show a pattern or practice in the subject country of persecuting members of a statutorily defined group to which the alien belongs. 8 C.F.R. § 208.13(b)(2)(iii). However, Del Mazo fails by either measure. Evidence in the record indicates that security conditions in Peru have greatly improved in the seventeen years since Del Mazo left, and Shining Path's violence is now largely confined to a few rural provinces. Substantial evidence supports the BIA's determination that Del Mazo is unlikely to face any danger returning to the capital city of Lima after such a long absence.

### III.

To qualify for withholding of removal, an alien must demonstrate a "clear probability" of persecution, a showing more stringent than that required for asylum. Rodriguez Morales, 488 F.3d at 891. Because Del Mazo could not show a well-founded fear of persecution based on a protected ground, he necessarily fails to meet the higher standard required for withholding of removal. Id. To qualify for relief under the Convention Against Torture, Del Mazo must prove not only

5

that he is likely to be tortured if he returns to Peru, but also that the torture would be inflicted at the hands of the government or at least with its acquiescence.  See id.  The evidence does not compel such a conclusion.  Instead, it indicates that the Peruvian government has vigorously and effectively fought against Shining Path, and the group's capacity for the sort of violence feared by Del Mazo has been greatly diminished.

**PETITION DENIED.**